**Russell K. SWANSON and Roblin Industries, Inc., Plaintiffs,**

v.

**UNARCO INDUSTRIES, INC., Defendant.**

**Civ. No. 70–530.**

United States District Court,
W. D. Oklahoma,
Civil Division.

April 17, 1972.

William R. Laney, C. Clark Dougherty, Jr., Oklahoma City, Okl., Robert D. Hovey, Donald E. Johnson, Kansas City, Mo., Robert E. Woodhams, Kalamazoo, Mich., Colvin A. Peterson, Jr., Landon H. Rowland, Kansas City, Mo., for plaintiffs.

Francis S. Irvine, Oklahoma City, Okl., Lettvin & Gerstman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

This is a civil action for patent infringement under Title 35, United States Code. Jurisdiction is present pursuant to Title 28 U.S.C. § 1338(a). Venue is proper pursuant to Title 28 U.S.C. § 1404 (b).

Plaintiff Swanson was issued United States Letters Patent Number 3,052,319 (Patent I) on September 4, 1962 for an invention entitled "Cantilever Shopping Cart and Counter Assembly". On June 30, 1970, Plaintiff Swanson was issued United States Letters Patent Number 3,-517,773 (Patent II) for an invention entitled "Check-Out System and Counter for Use With Cantilever Shopping Cart." The other Plaintiff is an exclusive licensee of these patents.

Plaintiffs claim that the Defendant has been directly infringing[1] Claims 1, 2 and 7 of Patent I and has been contributorily infringing[2] Claims 3 and 5 of Patent I and actively inducing others to infringe[3] Claims 3 and 5 of Patent I

1. 35 U.S.C. § 271(a)

2. 35 U.S.C. § 271(c)

3. 35 U.S.C. § 271(b)

and all the claims of Patent II and doing so within the Western District of Oklahoma and elsewhere by making and selling two shopping carts and by contributorily infringing and actively inducing others to infringe by making and using check-out counters or systems embodying the inventions covered by said patents. The Plaintiffs seek an injunction and an accounting for damages.

In defense the Defendant asserts that both patents were illegally issued; that certain claims in said patents are invalid as being obvious over the prior art; that Defendant is not directly infringing upon the pertinent claims of Patent I in view of the limitations thereof; that Plaintiffs are estopped by virtue of file wrapper estoppel from enforcing the claims of Patent I against the Defendant by reason of statements and arguments of record during the prosecution of the application which matured in this patent; that Defendant has not contributorily infringed any of the pertinent claims of Patent I because Defendant does not manufacture or sell check-out counters; that Defendant has not actively induced infringement of any of the pertinent claims of Patent I or all of the claims of Patent II because it has no control over the manufacture or sale of check-out counters; that Plaintiffs are estopped to seek enforcement of Patent I against Defendant by reason of the doctrine of laches and that Plaintiffs are estopped under principles of equity from seeking damages from Defendant as to either patent by reason of their patent misuse and unclean hands resulting from false patent markings. Defendant requests that Plaintiffs be granted no relief and that Defendant be awarded attorneys' fees pursuant to 35 U.S.C. § 285.

The burden of proof is on the patent owner to establish infringement of the patent. Walker On Patents, Deller's Edition, Vol. 3, Sec. 741. A patent shall be presumed valid. 35 U.S.C. § 282. But this presumption is rebuttable. M. B. Skinner Company v. Continental Industries, Inc., 346 F.2d 170, 173 (Tenth Cir. 1965). Strong v. General Electric Company, 305 F.Supp. 1084 (D.C.Ga. 1969), aff'd 434 F.2d 1042 (Fifth Cir. 1970), cert. denied 403 U.S. 906, 91 S.Ct. 2207, 29 L.Ed.2d 681. In Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) the United States Supreme Court has clearly stated certain legal principles pertinent in patent cases, namely, (1) the invention of a patent is measured by the claims, (2) an invention is construed not only in the light of the claims but also with reference to the file wrapper or prosecution history in the Patent Office, (3) patent claims as allowed must be read and interpreted with reference to rejected ones and to the state of the prior art, (4) claims that have been narrowed in order to obtain the issuance of a patent by distinguishing the prior art cannot be sustained to cover that which was previously by limitation eliminated from the patent.

The article covered by Patent I is the familiar grocery store shopping cart. However, this shopping cart is designed on the cantilever or "C" side opening style and under certain claims of Patent I and under Patent II this shopping cart is combined with an overhanging counter so constructed that the cart may move in such manner as to place the basket thereof over the counter for unloading and the shopping cart is moved through the check-out area on the checker's side of the counter. Plaintiff Swanson originally sought in his application for Patent I to claim the cantilever or "C" type design with the basket being supported from beneath by a laterally extending arm from an upright standard. This claim (or claims) was rejected twice by the Patent Office in view of the prior art. Plaintiff Swanson then cancelled and abandoned these rejected claims and by amendment to his application he obtained Patent I with claims providing, "said standard being attached to one side of the basket adjacent one corner of the latter, the remaining sides of said basket being free of and spaced from . . . said standard." Thus, Plaintiffs' Patent I covers a shopping cart in which the

upright standard is attached to one side of the basket adjacent to one corner thereof. In arguments to the Patent Office, this *one side* connection of the upright standard to the side of the basket was the sole feature relied upon to distinguish the claims from the prior art.

■ The shopping carts of Defendant, however, are not so constructed. The basket is not attached at its side to the upright standard but rests on horizontal supports situated under the basket and extending laterally from the upright standard. The Defendant's shopping carts read on Plaintiffs' rejected and abandoned claims but not the pertinent claims of Patent I as issued. Plaintiffs assert that by reason of two side plates on Defendant's shopping carts that the sides of the baskets are in fact attached to an upright standard. But, under the evidence, the Court finds and concludes that this is not so. In short, Plaintiffs' Patent I covers a shopping cart where the basket is attached at its side to an upright standard. The patent does not cover a shopping cart with a basket which is attached from beneath rather than from the side. The baskets of Defendant's shopping carts are not attached to the side of an upright standard but the same are attached and supported from beneath the basket. The side plates above mentioned do not serve as side attachments between basket and upright standard nor do they support the basket. They serve an entirely different function with reference to Defendant's baskets, that of preventing lateral movement of the basket.[4]

■ The Court therefore finds and concludes that the Defendant's shopping carts do not directly infringe upon Plaintiffs' Patent I. This being so and as Defendant does not manufacture or sell counters there can be no contributory infringement, Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336, 341, 81 S.Ct. 599, 5 L.Ed.2d 592 (1961) or actively induced infringement, Nordberg Mfg. Co. v. Jackson Vibrators, Inc., 153 USPQ 777, 783 (D.C.N.D.Ill.1967), for the reason that such types of infringement first require a direct infringement. It is unnecessary to treat with the other defenses raised by Defendant. Plaintiffs are not entitled to the desired injunction nor to an accounting for damages.

The Court does not deem this case to be an exceptional one within the meaning of 35 U.S.C. § 285. Therefore, in the Court's discretion, Defendant's request for attorneys' fees is denied. Uniflow Mfg. Co. v. King-Seeley Thermos Co., 428 F.2d 335 (C.A. Mich.1970); cert. denied 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248.

---

4. Plaintiffs' argument for a broad interpretation of the claims of Patent I so as to cover Defendant's shopping carts in which the bottom of the basket is attached to a lateral extension from the upright standard cannot be sustained. This is necessarily so not only because of the limitations of said claims as revealed by the prosecution history thereof in the Patent Office but such broad interpretation of the claims would render the same invalid in view of applicable prior art patents. This, of course, was why the Patent Office twice rejected Plaintiffs' claims embodying such broad interpretation now urged upon the Court.